

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2006

# Sewidjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4557

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sewidjaja v. Atty Gen USA" (2006). *2006 Decisions.* Paper 306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4557

HERU SUGIARTO SEWIDJAJA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On petition for review of a final order
of the Board of Immigration Appeals
File No:  A75-513-390
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on September 29, 2006

Before: RENDELL, ROTH, and
JOHN R. GIBSON,* *Circuit Judges*

(Filed: October 20, 2006)

_____

OPINION OF THE COURT
_____

---

*The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

-1-

PER CURIAM.

Petitioner Heru Sewidjaja appeals the Order of the Board of Immigration Appeals affirming the Immigration Judge's opinion and order denying Sewidjaja's application for asylum, withholding of removal, and protection under the Convention Against Torture. Pursuant to 8 U.S.C. § 1252, we have jurisdiction over this petition for review of the Board's final determination. We will deny the petition for review.

Sewidjaja is a native of Indonesia, a Pentecostal Christian, an ethnic Chinese, and a homosexual. He came to the United States in 2001 on a valid B-2 visa and applied for asylum. At his March 2004 hearing before the IJ, Sewidjaja testified that he fears he will suffer persecution on account of his race, religion, and sexual orientation if he returns to Indonesia. He testified that he fears Muslim extremists in Indonesia will attack him because of his sexual orientation and his ethnicity, although he did not testify to receiving explicit threats. Sewidjaja also testified that an Indonesian police officer refused to investigate his claim that his ex-boyfriend took money from him and that, after Sewidjaja recovered part of the money and gave it to the officer as evidence, the officer refused to return it. He had no evidence, however, that the officer's conduct was based on his race, religion, or sexual orientation. Sewidjaja also testified that he has been bullied by his Indonesian peers both as a child and as an adult and that he feels he must hide his sexual orientation in Indonesia. The IJ denied Sewidjaja's claims for asylum, withholding of removal, and protection under the Convention Against Torture. The Board affirmed the IJ's decision based on Sewidjaja's failure to sustain his burden of proof.

Where, as here, the Board issued a decision on the merits, we review the Board's decision rather than the IJ's. Lie v. Ashcroft, 396 F.3d 530, 534 n.3 (3d Cir. 2005). We uphold the Board's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992)). The Board's findings are supported by substantial evidence as long as Sewidjaja's evidence is not so compelling that any reasonable factfinder would find him eligible for relief. See Lie, 396 F.3d at 534 n.3.

The Board's findings are supported by substantial evidence in this case. To prevail on a claim for asylum, Sewidjaja had to establish that he was unable or unwilling to return to Indonesia because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B), 1101(a)(42)(A). To constitute persecution, the harm suffered must be so severe as to be "a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

Sewidjaja did not establish that he had suffered persecution in the past. The only specific incidents of past mistreatment Sewidjaja testified about--the Indonesian police officer's conduct and Sewidjaja's peers' harassment--do not rise to the level of being a threat to life or freedom. Moreover, Sewidjaja produced no evidence that the police officer's conduct was on account of any of the five statutory bases for asylum protection.

Nor did Sewidjaja establish a well-founded fear of future persecution on account

-3-

of being an ethnic Chinese, a Pentecostal Christian, or a homosexual. While he described general fear and inhibition, he pointed to no specific threats that would show he is at an "individualized" risk for persecution. See Lie, 396 F.3d at 537. Similarly, his evidence that Indonesian society disfavors ethnic Chinese and harbors hostility toward homosexuals, even when bolstered by the article he cites predicting "the emergence of political homophobia" in Indonesia, falls short of the "systematic, pervasive, or organized" persecution required to establish a "pattern or practice" of persecution in Indonesia. See id. (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)). Thus, Sewidjaja presented no compelling evidence that he has suffered past persecution or that any fear he has of future persecution is well-founded, and the Board correctly denied his asylum claim.

Because Sewidjaja did not establish a well-founded fear of persecution, neither did he establish the likelihood of future persecution necessary to obtain withholding of removal. Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003). He also produced no evidence that he is likely to be subjected to torture in Indonesia, as required to obtain relief under the Convention Against Torture. 8 C.F.R. § 1208.18(a)(1).

Sewidjaja's additional argument that the Board improperly used Lie to establish his likelihood of persecution in Indonesia is without merit. The Board drew relevant legal standards from Lie and properly applied those standards to Sewidjaja's case.

We will DENY the petition for review.

-4-